1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**RESNICK & LOUIS, P.C.**
PAUL A. ACKER, ESQ.
Nevada Bar No. 3670
ADAM P. MCMILLEN, ESQ.
Nevada Bar No. 10678
8925 W. Russell Road, Suite 220
Las Vegas, NV  89148
Telephone: (702) 997-3800
Facsimile: (702) 997-3800
packer@rlattorneys.com
amcmillen@rlattorneys.com
*Attorneys for Defendants,*
*Amtrust Insurance Company &*
*Security National Insurance Company*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| DERRICK HALL,<br><br>                    Plaintiff,<br><br>vs.<br><br>AMTRUST INSURANCE COMPANY;<br>SECURITY NATIONAL INSURANCE<br>COMPANY; DOES I through X; and ROE<br>CORPORATIONS I through X,<br><br>                    Defendants. | CASE NO.:  2:21-cv-01577-RFB-DJA<br><br>**THE PARTIES' STIPULATION<br>AND ORDER TO AMEND THE<br>SCHEDULING ORDER AND EXTEND<br>DISCOVERY DEADLINES**<br><br>**(Second Request)** |

The parties, by and through their undersigned counsel and, in accordance with Fed. R. Civ. P. 6(b) and LR 7-1, hereby stipulate to jointly seek the Court's Order enlarging the Discovery Schedule and Scheduling Order by extending deadlines ninety (90) days from the present, and, further, as follows:

The parties request that this Stipulation be approved by this Court as the parties have been working together to further discovery in this matter. The first stipulated discovery plan and scheduling order was approved by this Court on September 27, 2021 (ECF No. 10). On January 6, 2022, the Court approved the parties' stipulation and order to dismiss Plaintiff's second cause of action for breach of the implied covenant of good faith and fair dealing, without prejudice, (ECF No. 13). On January 24, 2022, the Court approved the parties first requested discovery

extension (ECF No. 15).

The remaining claim in this matter is Plaintiff's breach of contract claim under the Defendant's UIM/UM insurance policy. Plaintiff's breach of contract claim arises out of an auto accident that occurred on August 3, 2016. Discovery to date has revealed that Plaintiff is seeking $570,718.77 in past medical specials related to the subject accident. Discovery has also revealed that Plaintiff had a significant preexisting history dating back to the early 2000's and that Plaintiff was involved in three subsequent motor vehicle accidents on 6/18/17, 9/24/18 and 7/20/19.

Also, Plaintiff recently resolved his claims in the underlying consolidated district court matter filed in the Eighth Judicial District Court of Nevada (Case No. A-18-774739-C) after a global mediation in which the Defendants and Plaintiff in this matter also participated. Unfortunately, as of now, the parties have been unable to settle the instant matter but they are working towards that goal. The parties have agreed to mediate this matter after the close of discovery.

As a result, the parties hereto wish to extend the discovery schedule in this matter in order to allow the parties sufficient time to finish discovery that the parties believe will assist in getting this matter resolved. To that end, the parties agree that this matter should be heard on the merits and that a discovery extension is warranted.

The parties have now met and conferred to submit the present proposed Discovery Schedule and Amendment to the Scheduling Order.

1.     **DISCOVERY COMPLETED**

The parties conducted a 26(f) discovery conference September 13, 2021. Plaintiff produced his Initial Disclosures on October 12, 2021. Defendant produced their Initial Disclosures on October 15, 2021.

On October 5, 2021, Defendant served its initial set of interrogatories and requests for production of documents on Plaintiff. On November 22, 2021, Plaintiff served its responses to Defendant's first set of interrogatories and requests for production.

Defendant has gathered the many expert reports from the underlying litigation, which includes the following orthopedic surgeons, pain management specialists, accident reconstruction experts, biomechanical experts and an economic expert for both plaintiffs and defendants in the underlying litigation: William Muir, MD; James Olson, MD; Khyber Zaffarkhan, DO, FAAPMR; Arthur Croft, Ph.D; Brian Jones, MSBE; Jay Przbyla, PhD; Anthony Theiler, MD; Reynold Rimoldi, MD; Howard Tung, MD; David Fish, MD, MPH; Mark Rosen, MD; Michael Anderson, ACTAR, TAR; Anthony Serfustini, MD, FACS; Thomas Dunn, MD; William Redfairn; George Gluck, MD; David Lankzkowsky, MD; Terrance Clauretie, Ph.D.

On March 24, 2022, Defendants served their initial designation of expert witnesses, designating Robert F. Titus, AIC, CRIS, MLIS, as an insurance expert for this matter. On March 24, 2022, Defendants served their second supplemental FRCP 26(f) disclosure of witnesses and documents, disclosing 9240 pages of documents and 4 videos. On June 23, 2022, Defendants served their first supplemental expert witness disclosure, disclosing Pasquale Montesano, M.D., as a medical expert for this matter. On June 23, 2022, Plaintiff served his initial designation of retained and non-retained expert witnesses, disclosing William Muir, MD, and Arthur Croft, Ph.D., as retained experts, and Plaintiff's numerous medical providers as non-retained experts.

On June 29, 2022, Defendants served Requests for Admissions on Plaintiff and on June 30, 2022, Defendants served Interrogatories and Requests for Production of Documents on Plaintiff.  The parties have agreed that Plaintiff's responses to the same shall now be due August 12 and August 15. As a result, the parties agreed to reschedule the Plaintiff's noticed deposition, which was supposed to be taken August 5, 2022.

On June 24, 2022, Plaintiff served Requests for Admissions and Interrogatories on both Defendants and the parties have agreed that responses to the same will now be due August 10, 2022.

2.     DISCOVERY THAT REMAINS TO BE COMPLETED

As indicated above, the parties both have pending responses to written discovery due in

the next several weeks, Defendants need to take plaintiff's deposition, Plaintiff desires to take the deposition of the Defendant AmTrust adjuster and AmTrust's 30(b)(6) witness, Plaintiff intends on making a rebuttal expert disclosure on or before August 19, 2022, as a result of the expert's pre-planned summer vacation about which plaintiff was unaware and, lastly, the parties desire to take expert depositions.

### 3.   REASONS WHY DISCOVERY WAS NOT COMPLETED PRIOR TO THE CUT-OFF

Since the stipulated discovery plan and scheduling order was approved by this Court on January 24, 2022 (ECF No. 15), the parties have continued diligently working on exchanging documents and serving and responding to written discovery. As discussed above, before incurring expert costs for this matter, the parties attempted to globally mediate this matter and the underlying litigation. Unfortunately, the matter did not settle at the mediation, after which the parties have conducted additional written discovery, retained and disclose experts, retained rebuttal experts, and need additional time to complete the above-referenced discovery. Counsel for the parties are working well together to timely complete all discovery.

Due to the time it took to try and resolve this before and after the mediation and the COVID-19 pandemic, the parties have experienced difficulties in completing the above referenced discovery within the discovery period allotted. To these ends, the parties agree that this matter should be heard on the merits and that a discovery extension is warranted in order to allow additional discovery to be conducted.

This stipulation is being submitted to the Court ahead of the current discovery cut-off deadline of August 22, 2022, which demonstrates that there is no undue delay and diligence on the part of the parties.

### 4.   PROPOSED SCHEDULE FOR COMPLETING ALL REMAINING DISCOVERY

The parties respectfully request that this Court grant an extension of ninety (90) days to all pertinent deadlines in the Stipulated Discovery Plan as follows:

/ / /

**a. DISCOVERY CUT-OFF DATE:**

The parties request that the discovery cut-off date be continued ninety days (90) days from 8/22/22 to 11/21/22.

**b. FED. R. CIV. P. 26(2) DISCLOSURES OF EXPERTS:**

Disclosure of experts shall proceed according to Fed. R. Civ. P. 26(2) except that, in keeping with this Stipulated Discovery Plan, the parties stipulate as follows:

      **i.**      The disclosure of experts and expert reports shall remain 06/23/22; and

      **ii.**     The disclosure of rebuttal experts shall be continued to 08/19/22.

**c. AMENDMENT OF THE PLEADINGS AND ADDING PARTIES:**

The deadline to amend pleadings or to add parties shall remain 02/22/22.

**d. DISPOSITIVE MOTIONS:**

The date for filing dispositive motions shall be continued to 12/21/22, which does not exceed thirty (30) days from the discovery cut-off date that LR 26-1(b)(4) presumptively set for filing dispositive motions.

**5. PRETRIAL ORDER:**

The date for filing the pretrial order shall be continued to 1/20/23, which is thirty (30) days after the stipulated date for filing dispositive motions in this case. This deadline is suspended if a dispositive motion is timely filed.

**6. FED. R. CIV. P. 26(a)(3) DISCLOSURES:**

The disclosures required by this rule and any objections shall be included in the pretrial order.

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

**7. CONCLUSION**

Based on the forgoing, the parties respectfully request that this Court approve this Stipulation to Extend the Time for Discovery ninety (90) days and to enter an Order amending the Scheduling Order, accordingly.

DATED this 5th day of August, 2022.          DATED this 5th day of August, 2022.

RESNICK & LOUIS, P.C.                             LADAH LAW FIRM

By: /s/ Adam McMillen                             By: /s/ Anthony Ashby
    PAUL A. ACKER, ESQ.                          RAMZY PAUL LADAH, ESQ.
    Nevada Bar No. 3670                          Nevada Bar No. 11405
    ADAM P. MCMILLEN, ESQ.                       ANTHONY L. ASHBY, ESQ.
    Nevada Bar No. 10678                         Nevada Bar No. 4911
    8925 West Russell Road, Suite 220            517 S. Third Street
    Las Vegas, NV 89148                          Las Vegas, NV 89101
    *Attorneys for Defendants,*                   *Attorneys for Plaintiff,*
    *Amtrust Insurance Company &*                 *Derrick Hall*
    *Security National Insurance Company*

## ORDER

Having reviewed the parties' stipulation, the Court finds that it does not comply with Local Rule 26-3 because it does not cite excusable neglect.  The deadline for the parties to disclose rebuttal experts passed on July 22, 2022.  However, the parties do not cite excusable neglect for extending this deadline.  **IT IS THEREFORE ORDERED** that the stipulation [16] is **DENIED WITHOUT PREJUDICE**.  The parties shall file any amended stipulations to extend by **August 22, 2022**.

DATED: August 8, 2022

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

6